1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FORREST KENDRID,                          No. 2:20-cv-02546 DB P

12                Plaintiff,

13        v.                                    ORDER

14   CUDJO, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C.

18   §1983.  Plaintiff alleges defendants used excessive physical force and were deliberately

19   indifferent to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment

20   rights.  Plaintiff also alleges defendants violated his right to due process under the Fourteenth

21   Amendment.  Before the court is plaintiff's complaint for screening (ECF No. 1) and plaintiff's

22   motion to proceed in forma pauperis (ECF No. 2).

23        For the reasons set forth below, this court finds plaintiff states cognizable Eighth

24   Amendment claims against defendants for deliberate indifference to serious medical needs.  This

25   court also finds plaintiff fails to state any other cognizable claim.  Plaintiff will have the option to

26   proceed on his cognizable claims or to be given leave to amend his complaint.  Plaintiff's motion

27   to proceed in forma pauperis will be granted.

28   ////

                                          1

1

**IN FORMA PAUPERIS**

2      Plaintiff requests to proceed in forma pauperis and has filed an application to proceed in

3   forma pauperis.  (ECF No. 2.)  Plaintiff has not included a copy of his trust fund account

4   statement.  However, plaintiff is a civil detainee.  As such, plaintiff is not subject to the Prison

5   Litigation Reform Act's ("PLRA") requirements regarding requests for IFP status and the

6   payment of administrative fees.  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

7   Therefore, plaintiff will be granted in forma pauperis status.  An order directing the custodial

8   agency to collect filing fees from plaintiff's trust account will not issue with this order.

9

**SCREENING**

10   **I.      Legal Standards**

11      The court is required to screen complaints brought by prisoners seeking relief against a

12   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

13   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

14   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

15   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

16   U.S.C. § 1915A(b)(1) & (2).

17      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

19   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

23   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

24   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

25   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

26   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

27      However, in order to survive dismissal for failure to state a claim a complaint must

28   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

2

1  factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>,

2  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

3  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

4  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

5  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

6        The Civil Rights Act under which this action was filed provides as follows:

7
        Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
8          of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
9          or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

12  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A

13  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

14  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

15  an act which he is legally required to do that causes the deprivation of which complaint is made."

16  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

17        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18  their employees under a theory of respondeat superior and, therefore, when a named defendant

19  holds a supervisorial position, the causal link between him and the claimed constitutional

20  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

21  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

23  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

24  **II.  Allegations in the Complaint**

25        Plaintiff indicates that the events giving rise to his claim occurred while he was under civil

26  commitment at the California Health Care Facility (CHCF).  (ECF No. 1 at 1.)  He names

27  Correctional Officer Cudjo and Registered Nurse Asidayna as the defendants in his complaint.

28  (<u>Id.</u> at 2.)

Plaintiff's complaint contains the following allegations: Plaintiff has a mental illness and is physically disabled.  (Id.)  Plaintiff needs assistance in changing his diaper due to his disability.  (Id.)  On or around December 17, 2020, plaintiff informed defendant Asidayna that his diaper needed to be changed.  (Id.)  Defendant Asidayna stated that it was late and she did not want to change plaintiff's diaper.  (Id.)  Defendant Cudjo told plaintiff that he was "weak" and that he would not have his diaper changed tonight.  (Id. at 2-3.)  Plaintiff told defendants that he would file a medical grievance and requested to speak with defendants' supervisors.  (Id. at 3.)  Defendants "began yelling and cussing" at the plaintiff and would not allow plaintiff to speak with their supervisors.  (Id.)

Defendant Asidayna told defendant Cudjo to open plaintiff's cell door and "teach his ass a lesson."  (Id.)  Defendant Cudjo then threatened to beat plaintiff with his baton and opened plaintiff's cell door.  (Id.)  After plaintiff called for help, another inmate asked why defendant Cudjo had opened plaintiff's cell door.  (Id.)  Defendant Cudjo then slammed the cell door on plaintiff's arm which caused it to swell and bleed.  (Id.)  Plaintiff requested medical treatment for his arm.  (Id.)  Defendant Asidayna told plaintiff that she did not care that plaintiff had injured his arm and that he was to go to bed.  (Id. at 3-4.)

Plaintiff alleges that defendants never treated his arm injury or assisted him in changing his diaper.  (Id. at 4.)

**III.    Does Plaintiff State a Claim under § 1983?**

Plaintiff asserts claims under the Eighth Amendment for deliberate indifference to serious medical needs and use of excessive physical force.  Plaintiff also claims his Fourteenth Amendment right to due process was violated.

**A. Legal Standards under the Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

4

1   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

2   by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

3   **1. Deliberate Indifference to Medical Needs**

4       If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

5   must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

6   to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

7   two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

8   response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

9   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

10      A medical need is serious "if the failure to treat the prisoner's condition could result in

11  further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974

12  F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

13  "the presence of a medical condition that significantly affects an individual's daily activities." Id.

14  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

15  objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

16  825, 834 (1994).

17      If a prisoner establishes the existence of a serious medical need, he must show that prison

18  officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

19  general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

20  interfere with medical treatment, or may be shown by the way in which prison officials provide

21  medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

22      Before it can be said that a prisoner's civil rights have been abridged with regard to

23  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

24  'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter

25  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

26  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

27  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

28  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Excessive Force

For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10).

////

////

////

1

**B.  Analysis of Eighth Amendment Claims**

2

**1.  Deliberate Indifference to Medical Needs**

3
Plaintiff claims that defendants Cudjo and Asidayna were deliberately indifferent to

4
plaintiff's serious medical needs in violation of his Eighth Amendment rights.  Plaintiff appears to

5
assert claims for failure to treat plaintiff's unchanged diaper and failure to treat plaintiff's arm

6
injury.  (ECF No. 1 at 2-3.)  Both conditions constitute serious medical needs as they could cause

7
further significant injury or pain if untreated.  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429

8
U.S. at 104).

9
Plaintiff claims that he informed the defendants that he was bleeding from his arm (ECF

10
No. 1 at 3) and that his diaper needed to be changed (Id. at 2).  These allegations are sufficient to

11
show that the defendants were aware of plaintiff's serious medical needs.  Plaintiff also claims

12
that he requested treatment for both conditions but that defendants refused to provide any

13
assistance.  (Id. at 2-4.)  Thus, under the facts in plaintiff's complaint, the defendants were aware

14
of plaintiff's serious medical needs and denied plaintiff treatment of those medical needs.  As

15
such, plaintiff has alleged sufficient facts to state cognizable claims under the Eighth Amendment

16
for deliberate indifference to serious medical needs.

17

**2.  Excessive Force**

18
Plaintiff claims that the defendants also violated his Eighth Amendment rights by using

19
excessive physical force against the plaintiff.  Plaintiff alleges that defendant Cudjo opened

20
plaintiff's cell door to "teach his ass a lesson."  (Id. at 3.)  Plaintiff claims he was injured when

21
defendant Cudjo subsequently closed it on the plaintiff's arm causing it to bleed.  (Id.)

22
Plaintiff alleges facts to show that force was not necessary to maintain or restore

23
discipline as plaintiff claims he was within his cell and had only requested medical assistance

24
from defendant Asidayna.  (Id. at 2.)  However, plaintiff does not allege any facts that show

25
defendant Cudjo was aware plaintiff's arm would be hit when he closed the door.  It is not clear

26
from the allegations in the complaint whether Cudjo intended to cause plaintiff harm or

27
accidentally shut the door on his arm.  Thus, these facts cannot show that defendant Cudjo acted

28
with malicious or sadistic intent when he closed the door.  Additionally, plaintiff has also not

7

alleged any facts that show defendant Asidayna used force against the plaintiff.  Accordingly, plaintiff has failed to state a cognizable claim for use of excessive physical force in violation of the Eighth Amendment.

### C.  Legal Standards under the Fourteenth Amendment

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.  Id.

A state may "create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).  A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated.  Sandin, 515 U.S. at 485-86; Keenan, 83 F.3d at 1088-89.

### D.  Analysis of Fourteenth Amendment Claim

Plaintiff asserts that the defendants violated his Fourteenth Amendment rights.  Beyond stating that his due process rights were violated, plaintiff does not provide any additional information or argument about how the defendants violated this Constitutional right.  While a Fourteenth Amendment claim may exist, plaintiff's complaint does not currently provide sufficient information to determine if a violation of plaintiff's due process rights occurred.  As such, plaintiff has failed to allege facts sufficient to state a cognizable claim under the Fourteenth Amendment.

### AMENDING THE COMPLAINT

This court finds above that plaintiff's complaint states cognizable claims against defendants Cudjo and Asidayna for deliberate indifference to plaintiff's serious medical needs.

////

1  However, plaintiff has failed to allege facts sufficient to state cognizable claims with regards to

2  all other claims he raised.

3      Plaintiff has a choice.  He may proceed on his medical need claims against the defendants

4  regarding the defendants' refusals to treat plaintiff's unchanged diaper and injured arm or he may

5  amend his complaint to state other claims against defendants Cudjo and Asidayna or any other

6  defendant.  Any amended complaint must be complete in itself.  The court cannot refer to a prior

7  complaint to understand the plaintiff's claims.  As such, plaintiff must restate, in their entirety, the

8  claims the court has found cognizable, in addition to those which require plaintiff allege

9  additional facts to state a cognizable claim.

10     If plaintiff chooses to file an amended complaint, he must address the problems with his

11  complaint that are explained above. In an amended complaint plaintiff must clearly identify each

12  defendant and the action that defendant took that violated his constitutional rights.  The court is

13  not required to review exhibits to determine what plaintiff's charging allegations are as to each

14  named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

15  complaint.  The charging allegations must be set forth in the amended complaint, so defendants

16  have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

17  detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

18  each claim.  See Fed. R. Civ. P. 8(a).

19     Any amended complaint must show the federal court has jurisdiction, the action is brought

20  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

21  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

22  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

23  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

24  deprivation of a constitutional right if he does an act, participates in another's act, or omits to

25  perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

26  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

27  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

28  ////

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. As a civil detainee, plaintiff shall not be required to pay the standard administrative filing fees in order to proceed with this action.  See 28 U.S.C. 1915(h) and 42 U.S.C. 1997e(h); see also Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

3. Plaintiff has stated cognizable Eighth Amendment claims against defendants Cudjo and Asidayna for refusing to provide medical treatment for plaintiff's bleeding arm and for refusing to treat plaintiff's unchanged diaper.

4. All of plaintiff's other Eighth Amendment claims and his Eleventh Amendment claims are dismissed with leave to amend.

////

5.  Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

6.  Plaintiff is warned that his failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  March 22, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB14
DLB1/prisoner/civil rights/kend2546.scrn

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    FORREST KENDRID,                          No.  2:20-cv-02546 DB P

10                     Plaintiff,

11          v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                                PROCEED
12   CUDJO, et al.,

13                     Defendants.

14

15   Check one:

16

17   _____      Plaintiff wants to proceed immediately on his Eighth Amendment claims against

18          defendants Cudjo and Asidayna for deliberate indifference to serious medical needs.

19          Plaintiff understands that by going forward without amending the complaint he is

20          voluntarily dismissing all other claims and defendants.

21

22   _____      Plaintiff wants to amend the complaint.

23

24          DATED:_____

25                                             _____

26                                             Forrest Kendrid
                                               Plaintiff pro se
27

28

                                   12