UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID, | No. 2:20-cv-02546 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CUDJO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants used excessive physical force and were deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment rights. Plaintiff also alleges the defendants violated his right to due process under the Fourteenth Amendment. Before the court is plaintiff's motion for the appointment of counsel and plaintiff's motion for temporary restraining order (TRO). (ECF No. 5.)

For the reasons set forth below, this court will deny plaintiff's motion for the appointment of counsel and recommend that plaintiff's motion for TRO be denied.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel. He claims that defendants, through RN Miller and others, have gone through his legal documents to plan defenses to his claims. (ECF No. 5 at 2.) Plaintiff also claims that RN Miller has ordered medical staff to take and destroy his

1

1 legal documents. (Id. at 1-2, 4.) Plaintiff argues that the appointment of counsel would help
2 protect his legal work from intrusion and destruction by the defendants and those acting on their
3 behalf. (Id. at 2.)

4       The United States Supreme Court has ruled that district courts lack authority to require
5 counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490
6 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the
7 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d
8 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9       The test for exceptional circumstances requires the court to evaluate the plaintiff's
10 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
11 light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
12 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
13 common to most prisoners, such as lack of legal education and limited law library access, do not
14 establish exceptional circumstances that would warrant a request for voluntary assistance of
15 counsel.

16       In the present case, this court does not find the required exceptional circumstances. It is
17 possible that plaintiff will succeed on the merits of his Eighth Amendment medical needs claim.
18 However, there is nothing that suggests the plaintiff unable to articulate his claims due to the
19 complexity of the legal issues involved. As such, plaintiff's motion for the appointment of
20 counsel is denied.

21       **TEMPORARY RESTRAINING ORDER**

22       In his motion for TRO, plaintiff states that Registered Nurse (RN) Miller has led
23 retaliatory acts against the plaintiff. (ECF No. 5 at 1.) RN Miller is not a party to this action.
24 Plaintiff states that RN Miller supervises medical staff at California Health Care Facility (CHCF).
25 (Id.) Plaintiff alleges that defendants enlisted RN Miller to retaliate against plaintiff for filing the
26 present action. (Id. at 2.) Plaintiff requests the court issue a TRO ordering RN Miller to not
27 destroy plaintiff's legal documents or obstruct plaintiff's access to the courts. (Id. at 3.)
28       In the declaration filed in connection with plaintiff's motion, plaintiff alleges the

following: on an unknown, date there was a "heated conversation" between RN Miller and plaintiff. (Declaration of Plaintiff (ECF No. 5 at 4).) Following this conversation, RN Miller told the plaintiff that he "would be handled." (Id.) On an unspecified date a few days later, plaintiff was assaulted by another inmate. (Id.) At an unknown time after this incident, RN Miller told plaintiff that "this is not over and that she has more inmates she will send at [the plaintiff]." (Id.) RN Miller also sent medical staff to take and destroy plaintiff's legal documents. (Id.)

### I. Legal Standards

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 555 U.S. at 20). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

It is typically only appropriate to grant preliminary injunctive relief where the relief sought is "of the same character as that which may be granted finally" in the lawsuit. De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). However, in certain exceptional situations, the court may consider injunctive relief in order to permit the case to proceed. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v.

Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). "A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).

## II.     Analysis

The relief plaintiff requests in his motion for TRO is not related to his underlying claim in this action. In his complaint, plaintiff asserts violations of the Eighth Amendment due to defendants' deliberate indifference to his medical needs and excessive use of force. Plaintiff also claims defendants violated his due process rights under the Fourteenth Amendment. (ECF No. 1 at 4-5.) Plaintiff's motion for TRO is based on what appears to be a claim of retaliation by RN Miller that is not included in plaintiff's complaint. (ECF No. 5 at 2.) As the injunctive relief sought by the plaintiff is not based on claims asserted in the complaint, the court does not have authority to grant the requested injunctive relief. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

Moreover, the use of an injunction against a non-party such as RN Miller is heavily disfavored. Zenith Radio Corp., 395 U.S. at 110. The All Writs Act permits the court to use injunctive relief against persons who are not parties to the action when it is necessary for the court to exercise or preserve its jurisdiction. Plum Creek Lumber Co., 608 F.2d at 1289. However, plaintiff does not request that the court issue a TRO in order to allow the court to be able to exercise or preserve its jurisdiction. Thus, the use of an injunction against RN Miller is heavily disfavored and would not be in keeping with the purposes of the All Writs Act.

////

The TRO plaintiff has requested is heavily disfavored as RN Miller is a third party, is not necessary for the court to exercise or maintain jurisdiction, and is not based on claims asserted in the plaintiff's complaint.  As such, it is recommended that plaintiff's motion for TRO be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 5) is denied; and

2. The Clerk of the Court is directed to randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB14
DLB1/prisoner/civil rights/kend2546.tro